PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANN E. FERGUSON, | ) | |
| | ) | CASE NO. 4:14CV01048 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BEARD PENSION SERVICES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF Nos. 52 and 54] |

Pending are a motion for summary judgment filed by Defendant Scott C. Otermat (ECF No. 52), and a motion for summary judgment jointly filed by Defendants Beard Pension Services, Inc. ("Beard Pension") and Mark Smallwood (ECF No. 54). Plaintiff Ann E. Ferguson filed a consolidated opposition to the motions for summary judgment (ECF No. 57). The motions are fully briefed. *See* ECF Nos. 60 and 61. For the reasons that follow, Otermat's motion for summary judgment (ECF No. 52) is granted; Beard Pension and Smallwood's motion for summary judgment (ECF No. 54) is granted in part and denied in part.

## I. BACKGROUND

The following facts are gathered from the Complaint and the summary judgment briefing:[1]

---

[1] The parties failed to file stipulations as to all uncontested facts, as ordered by the Court's Case Management Order. *See* ECF No. 18 at PageID #: 94. The parties are cautioned to abide by the Court's orders in the future.

(4:14CV01048)

Plaintiff is a participant in the Ferguson Defined Benefit Plan (the "Plan"), an ERISA approved retirement plan created in 2001. *See* ECF No. 57 at PageID #: 456; ECF No. 1 at ¶ 9. Plaintiff and Defendant Robert L. Ferguson (Plaintiff's former husband) established the Plan for wealth management purposes. ECF No. 54-1 at PageID #: 243. The Plan documents were drafted by Beard Pension. ECF No. 1 at ¶ 10. At all relevant times, Robert Ferguson served as both a Plan participant and the Plan Trustee. ECF No. 54-1 at PageID #: 243. Robert Ferguson engaged Beard Investment Services, Inc., a non-party, to provide investment advisory services for the Plan. *Id.* at PageID #: 243. Smallwood, an independent contractor for Beard Investment, serviced the Plan as the Investment Adviser during the relevant timeframe. ECF No. 52-1 at PageID #: 162. Otermat served as Plan actuary during the relevant time frame. *Id.* SEI Investments served as the Custodian of the funds during the relevant time frame. ECF No. 57 at PageID #: 457. Though Plaintiff initially believed a company owned by her[2] to be the Plan Sponsor, the record supports the conclusion that Robert Ferguson's company, Ferguson Associates, LLC, is the Plan Sponsor. *Id.* at PageID #: 460.

In May 2010, Otermat drafted an amendment of the Plan to allow for in-service distributions after age 62, per instructions received from Robert Ferguson through Smallwood. ECF No. 52-1 at PageID #: 163. In-service distributions required spousal consent. *Id.* at PageID #: 163. By the time of the amendment, the Plan had accumulated approximately $950,000 in assets. ECF No. 1 at ¶ 17. From May 2010 to August 2012, Robert Ferguson requested and

---

[2] *i.e.*, "Ferguson Assocs" or a Missouri Corporation named "Ann Associates, Inc." d/b/a "Ferguson and Assocs."

2

(4:14CV01048)

received in-service distributions totaling $781,875, of which $578,300 were his own benefit, and $203,575 were in excess of his benefit, thereby reducing Plaintiff's benefit.  *Id.*  Plaintiff alleges that Robert Ferguson made these distributions to himself without her knowledge or consent.  *Id.*  In August 2012, Otermat recognized that distributions made to Robert Ferguson had exceeded his benefit.  ECF No. 54-1 at PageID #: 165.  Robert E. Krupp, an Otermat associate, authored a letter to Smallwood identifying this issue.  *Id.*  By the time the issue came to light, however, Robert Ferguson had already requested and received the distributions.  *Id.*

Plaintiff filed this ERISA action, asserting, *inter alia*, claims for breach of fiduciary duty against Beard Pension, Smallwood, Otermat, and Robert Ferguson.  *Se*e ECF No. 1.  Plaintiff asserts that Beard Pension, Smallwood and Otermat serviced the Plan as Third-Party Administrators and breached their fiduciary duties by failing to prevent the unauthorized distribution of Plan assets.  *Id.*  Beard Pension and Smallwood filed a motion for summary judgment on the breach of fiduciary duty counts (ECF No. 54), as did Otermat (ECF No. 52).

## II.  STANDARD OF REVIEW

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).  The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file.  *Celotex Corp. v.*

3

(4:14CV01048)

*Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992).

After the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of material facts in dispute. An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must evaluate whether the evidence could persuade a reasonable factfinder that the non-moving party is entitled to a verdict. *Id.*

To defeat a motion for summary judgment, the non-moving party must "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily is not sufficient to defeat a motion for summary judgment. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990).

(4:14CV01048)

### III. ERISA FIDUCIARY STATUS, DUTIES AND LIABILITY

In a case alleging breach of ERISA fiduciary duty, "the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). A party is a fiduciary pursuant to ERISA if the party is a "named" fiduciary (*i.e.*, explicitly listed as a fiduciary in the plan instrument) or an "unnamed" (*i.e.*, functional) fiduciary. See *Pfahler v. National Latex Products Co.*, 517 F.3d 816, 828 (6th Cir. 2007) (explaining the two statutory categories of ERISA fiduciaries). ERISA provides that a party is a functional fiduciary of a plan *to the extent* that

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

A party's status as a Third-Party Administrator does not automatically confer status as a fiduciary. Instead, a court must determine whether the party functioned as a fiduciary. *See Pipefitters Local 636 v. Blue Cross & Blue Shield of Michigan*, 213 Fed.App'x. 473, 476 (6th Cir. 2007) (citation omitted) ("ERISA 'does not describe fiduciaries simply as administrators of the plan,' but evaluates the fiduciary role 'to the extent that [an administrator] acts in such a capacity in relation to the plan.'").

5

(4:14CV01048)

ERISA fiduciaries are subject to three broad duties: "(1) the duty of loyalty, (2) the prudent person fiduciary obligation, and (3) the exclusive benefit rule [(*i.e.*, 'to act solely in the interest of plan participants and beneficiaries')]." *Hi-Lex Controls, Inc. v. Blue Cross Blue Shield of Michigan*, 751 F.3d 740, 751 (6th Cir. 2014) (citation omitted); 29 U.S.C. § 1104(a)(1). A fiduciary is liable for his breach of any of these duties.

Additionally, ERISA provides that a fiduciary is liable for the breach of a co-fiduciary

(1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

(2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or

(3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a).

## IV.  ANALYSIS

### A.  Otermat's Motion for Summary Judgment

Otermat, the former Plan actuary, moves for summary judgment on the basis that he was not a Plan fiduciary under 29 U.S.C. § 1002.  ECF No. 52-1 at PageID #: 161.  It is undisputed that Otermat was not a named Plan fiduciary.  Otermat can only be held liable for a breach of ERISA fiduciary duty if he was a functional fiduciary.

Plaintiff asserts that Otermat had discretionary authority over Plan administration.  She argues that "[b]y failing to advise any of the parties of their obligations, the relevant decisions that needed to be made, or of the information needed to properly evaluate those decisions,

6

(4:14CV01048)

[Otermat] effectively embraced those duties as his own responsibility and, as such, became functional fiduciary of the Plan." ECF No. 57 at PageID #: 486.  Specifically, Plaintiff states that Otermat (1) "did not attempt to create a relationship with [Robert Ferguson] under which [Robert Ferguson] could have directed his activities"; (2) "did not take any action to limit the scope of his involvement with the Plan"; (3) "acted in conjunction with Beard Pension to manage Plan operations without ever trying to ascertain approvals or even acknowledgment from [Robert Ferguson]"; and (4) did not "discuss[] with [Robert Ferguson] any decision points in updating the Plan." ECF No. 57 at PageID #: 486-87.  Tellingly, Plaintiff does not cite to any legal authority to support her contention that alleged failure to satisfy one's obligations to a Plan creates fiduciary status.  Rather, she obfuscates the threshold inquiry—whether Otermat was a fiduciary.  Plaintiff's belief that Otermat failed to satisfy fiduciary duties is no answer.

Furthermore, Plaintiff's contention that Otermat was a functional fiduciary is belied by Plaintiff's response to Otermat's Interrogatory No. 13:

> Please state whether it is your position that Otermat (1) exercised control or discretionary authority with regard to the management or disposition of assets; (2) provided investment advice for a fee; and/or (3) had discretionary authority or responsibility in the administration of the plan.
>
> **ANSWER**: Mr. Otermat provided tax advice and instructions and compliance advice and instructions for a fee.

ECF No. 52-9 at PageID #: 234.  This Circuit has stated that "[a] fiduciary relationship does not exist [] where an administrator 'performs purely ministerial functions such as processing claims, applying plan eligibility rules, communicating with employees, and calculating benefits.'"

*Pipefitters Local 636 Ins. Fund. v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 623 (6th

(4:14CV01048)

Cir. 2011) (citation omitted). Furthermore, the Department of Labor's regulations (promulgated under ERISA) provide that "attorneys, accountants, *actuaries* and consultants performing their usual professional functions will ordinarily not be considered fiduciaries, [unless] the factual situation in a particular case" demonstrates that the professional acted as a fiduciary. 29 C.F.R. § 2509,75–5 (emphasis added).

Otermat performed only actuarial tasks, and "was never sent requests for distributions, never processed said requests, and never distributed funds." ECF No. 52-1 at PageID #: 164. The evidence of record does not refute this. Otermat did not have authority over Plan assets, provide investment advice for a fee, or exercise discretion over Plan management. There is no genuine issue of material fact that Otermat was not a Plan fiduciary. Because Otermat was not a Plan fiduciary, Plaintiff's co-fiduciary liability theory as to Otermat (ECF No. 57 at PageID #: 492) cannot survive. *See* 29 U.S.C. § 1105(a) ("[A] *fiduciary* . . . shall be liable for a breach of fiduciary responsibility of another fiduciary . . . .") (emphasis added).

Accordingly, summary judgment is granted in favor of Otermat.

**B. Beard Pension and Smallwood's Motion for Summary Judgment**

Beard Pension and Smallwood move for summary judgment on the bases that Smallwood did not breach any fiduciary duty owed to Plaintiff, and Beard Pension was not a fiduciary of the Plan. ECF No. 54-1 at PageID #: 242.

1. **Smallwood's Fiduciary Status**

Beard Pension and Smallwood admit that "[i]n early 2010, [Smallwood] became the person at [Beard Investment] providing investment advisory services for the [Plan]." *Id.* at

8


Case: 4:14-cv-01048-BYP  Doc #: 62  Filed:  03/29/16  9 of 13.  PageID #: 1021

(4:14CV01048)

PageID #: 244.  Because Smallwood rendered investment advice to the Plan for a fee, Smallwood was a Plan fiduciary pursuant to 29 U.S.C. § 1002(21)(A).

### 2. Smallwood's Fiduciary Liability

ERISA fiduciary status is not absolute; a fiduciary is only liable "to the extent that" he exercises the requisite authority or discretion over the activity at issue.  *See e.g., Pipefitters Local 636 Ins. Fund v. Blue Cross and Blue Shield of Michigan*, 722 F.3d 861, 866 (6th Cir. 2013) ("Though ERISA fiduciary status is broadly triggered with any control over plan assets, the inquiry in each case is granular, 'ask[ing] whether [an entity] is a fiduciary with respect to the particular activity in question.'").

Smallwood's fiduciary status is conferred by way of the investment advisory services he rendered to the Plan.  Fiduciary liability imposed upon Smallwood must be connected to those services.  Plaintiff does not assert that Smallwood breached his fiduciary duty in rendering investment advice.  Plaintiff presents no evidence that Smallwood exercised authority over Plan assets or exercised discretion over Plan management.  That Smallwood authorized Otermat to draft the Plan amendment allowing for in-service distributions does not demonstrate discretion over Plan management.  *See* ECF No. 57 at PageID #: 484.  Smallwood gave this authorization based on Robert Ferguson's instruction to do so.  *See* ECF No. 52-1 at PageID #: 163.

There is no genuine issue of material fact that Smallwood did not breach any fiduciary duty owed to Plaintiff.  Plaintiff's assertions regarding co-fiduciary liability are directed toward Beard Pension and Otermat, not Smallwood.  *See* ECF No. 57 at PageID #: 492.  Accordingly, summary judgment is granted in favor of Smallwood.

9

(4:14CV01048)

### 3. Beard Pension's Fiduciary Status

Plaintiff and Beard Pension disagree as to whether Beard Pension acted as a Third-Party Administrator of the Plan. As explained above, however, the relevant inquiry is whether Beard Pension *functioned* as a fiduciary.

Plaintiff contends that Beard Pension rendered investment advice to the Plan for a fee and relies on an agreement between Beard Investment (the non-party) and the Plan in support. ECF No. 57 at PageID #: 478-79. Additionally, Plaintiff asserts that this agreement proves Beard Pension had discretionary authority over Plan assets by way of its authorization to make investments on its own initiatives. *Id.* at PageID #: 480. Plaintiff also argues that Smallwood's email communications with Plaintiff and Robert Ferguson "reflect his position as a representative of [Beard Pension], and not of [Beard Investment] . . . ." ECF No. 57 at PageID #: 482. As is clear from the signature page of the investment advisory agreement, however, Beard Pension is not a party to the agreement. *See* ECF No. 57-1 at PageID #: 551-52.

There is no genuine issue of material fact that Beard Pension neither rendered investment advice for a fee, nor exercised authority over Plan assets.

Whether Beard Pension exercised discretionary authority over Plan management is a more complicated question. Plaintiff contends that "Beard [Pension] affirmatively undertook to play the primary administrative role for the Plan, encouraging and accommodating the abdication of responsibility by [Robert Ferguson] in the administration of the Plan." ECF No. 57 at PageID #: 482. Furthermore, Plaintiff argues, "many acts by [Beard Pension] on its own initiative are indicative of the exercise of control and authority," and there is a "complete lack of evidence that

(4:14CV01048)

[Beard Pension] took any direction from [Robert Ferguson] with regard to the administration of the Plan." *Id.* at PageID #: 483.  Plaintiff notes that "there is no correspondence in the record whereby [Beard Pension] provided [Robert Ferguson] with advice and asked that [Robert Ferguson] make a decision about the best way to go forward." *Id.* at PageID #: 484.

      Plaintiff relies on the following in support of her contention:

1.  Robert Ferguson's answer to the Complaint states that "[a]ll activities concerning the [Plan] were initiated and executed by [Beard Pension].  Since 2001, all documentation was prepared by, supervised and/or coordinated by [Beard Pension].  [Robert Ferguson] relied completely on [Beard Pension]'s expertise, reputation and high moral character of the firms' Principals, management and staff."  ECF No. 8 at PageID #: 40 (answering paragraphs 14 and 15 of Complaint).

2.  An email from a Beard Pension employee to Bruce Beard (of Beard Pension) states that Otermat will not provide any information to Mr. Ferguson before Beard Pension sees it.  ECF No. 57-1 at PageID #: 560.

3.  Otermat testified in his deposition that Bruce Beard solicited him for his position as actuary for the Plan.  *See* ECF No. 57-5 at PageID #: 918.

4.  An email between a Beard Pension employee and Otermat indicates that Beard Pension may have made the decision to terminate NRS, Otermat's predecessor as Plan actuary.  *See* ECF No. 57-1 at PageID #: 501.

5.  Robert Ferguson "was rarely if ever copied on any of the correspondence between [Beard Pension] and Otermat . . . ."  ECF No. 57 at PageID #: 466.

6.  Beard Pension processed the in-service distribution forms submitted by Mr. Ferguson.  ECF No. 57-1 at PageID #: 510.

      The evidence of record demonstrates that, contrary to the portrait painted by its motion for summary judgment, Beard Pension had extensive involvement with the administration of the Plan.  These facts, taken together, raise a question of the role played by Beard Pension.  Beard Pension counters that "coordinating the information flow between the Trustee and the Plan

11

(4:14CV01048)

Actuary does not rise to the level of discretion or control." ECF No. 61 at PageID #: 1010. Beard Pension does not, however, offer evidence that it was required to receive the Trustee's permission before making Plan management decisions.

Viewing the facts in the light most favorable to the non-movant, as the Court must when ruling on a motion for summary judgment, there is a genuine issue of material fact as to whether Beard Pension was a Plan fiduciary. Accordingly, summary judgment as to Beard Pension's fiduciary status is not appropriate.

### 4. Beard Pension's Fiduciary Liability

Beard Pension does not address whether it may be held liable for breach of fiduciary duty; its motion for summary judgment and reply focus only on fiduciary status and co-fiduciary liability. *See* ECF No. 54-1. Therefore, summary judgment is not appropriate on this issue.

Plaintiff asserts that Beard Pension is liable as a co-fiduciary because Beard Pension (1) facilitated Robert Ferguson's breach through its own, and (2) "took more than two months to advise [Plaintiff] of the true extent of the problem, thereby concealing [its] knowledge of [Robert Ferguson]'s breach of his fiduciary duty." ECF No. 57 at PageID #: 493. Plaintiff's contention regarding concealment is supported by Plaintiff's deposition. *See* ECF No. 57-3 at PageID #: 616. Beard Pension argues that it did not agree to monitor the activity of the Plan Trustee and ensure his compliance with the terms of the Plan. ECF No. 54-1 at PageID #: 259. The ERISA statute imposing co-fiduciary liability, however, contains no requirement that a fiduciary agree to monitor co-fiduciaries before it may be held liable for their breaches. *See* 29 U.S.C. § 1105(a).

(4:14CV01048)

Lastly, Beard Pension asserts that Plaintiff shared in the distributions Robert Ferguson received and would be unjustly enriched by a finding in her favor. *See* ECF No. 61 at PageID #: 1008. Even if true, this allegation does not speak to the inquiry that is relevant at this stage: whether the parties are liable for breach of fiduciary duty. The issue of unjust enrichment is appropriately resolved at the damages assessment stage.

There is a genuine issue of material fact as to whether Beard Pension can be held liable as a co-fiduciary of Robert Ferguson. Accordingly summary judgment as to Beard Pension's co-fiduciary liability is not appropriate.

## V. CONCLUSION

For the foregoing reasons, Otermat's motion for summary judgment (ECF No. 52) is granted; Beard Pension and Smallwood's motion for summary judgment (ECF No. 54) is granted in part and denied in part. Summary judgment as to Smallwood is granted, and summary judgment as to Beard Pension is denied.

IT IS SO ORDERED.

 March 29, 2016                              */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                             United States District Judge